**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 01:26 PM July 20, 2016**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| BRETT S. STIMER AND | ) | CASE NO. 15-62152 |
| TONA M. STIMER, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtor. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

      The parties filed pleadings that require the court to determine whether Debtors are entitled to an exemption in insurance proceeds paid to reimburse them for the loss of personal property from a prepetition fire at their residence.[1] Debtors urge the court to find that they are entitled to exempt the whole of the proceeds, including an amount that exceeds the limitation set forth in Ohio Revised Code § 2329.66(a)(4). Anne Piero Silagy, the chapter 7 trustee ("Trustee"), contends Debtors can only exempt the statutory amount. The court heard arguments on May 9, 2016 and each side filed a post-hearing brief in support of its position.

      This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

---

[1] The pleadings also reference an issue related to the cash surrender values of life insurance policies on Debtors' children but Trustee asserts this matter was resolved. If that is inaccurate, Debtors may petition the court for review of that issue.

1

# FACTS

The parties agree on the facts. On or about June, 18 2015, a fire occurred at Debtors' residence, resulting in a total loss of their personal property, as well as the personal property of a sister of one of the Debtors and her two children, who were living in the basement of the home at the time of the fire. The loss was covered by insurance and State Farm paid Debtors a total of $39,390.20 in three installments: $37,766.64 on September 9, 2015; $1,056.67 on November 10, 2015; and $566.89 on November 11, 2015. Upon receipt of the first disbursement, Debtors began to replace their personal property.

Debtors filed a chapter 7 petition on October 21, 2015. At the time of filing, $20,500.00 in proceeds were in Debtors' bank account. Debtors listed the proceeds on Schedule B, explaining "insurance proceeds from State Farm Insurance Company deposited into checking account to replace personal property that was totally destroyed in a fire on June 18, 2015." They exempted $500.00 under O.R.C. § 2329.66(A)(3).

They also listed $24,500.00 in "household goods and furnishing (sic) were totally destroyed in fire estimate that value to replace is $38,000.00." Each Debtor claimed a $12,250.00 exemption under O.R.C. § 2329.66(A)(4)(a).

# DISCUSSION

A primary goal of bankruptcy is to provide an "honest but unfortunate debtor" with a "fresh start." Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 367 (quoting Grogan v. Garner, 498 U.S. 279, 286 (1991)). When a case is filed, all of a debtor's legal and equitable interests in property became part of the bankruptcy estate. 11 U.S.C. § 541. Adoption of bankruptcy exemptions furthers the goal of a fresh start "by provid[ing] a debtor 'with the basic necessities of life' so that she 'will not be left destitute and a public charge.'" Clark v. Rameker, 134 S.Ct. 2242 fn. 3 (2014) (citing H.R.Rep. No. 95-595, p. 126 (1977)). Exemptions allow debtors to place certain property beyond the reach of creditors, thereby providing a foundation for a debtor to move forward after bankruptcy.

The bankruptcy code supplies a federal scheme defining exempt property. 11 U.S.C. § 522(d). However, a state may opt-out of the federal scheme in favor of a system of state law exemptions. 11 U.S.C. § 522(b)(2). Ohio exercised its opt-out right. O.R.C. § 2329.662. Consequently, the Ohio exemptions set forth in O.R.C. 2329.66 apply. A debtor's entitlement to an exemption is determined by looking at his interest in exemptible property on the petition date. O.R.C. § 2329.66(D)(1). The objecting party bears the "burden of proving that the exemptions are not properly claimed." Fed.R.Bankr.Pro. 4003(c).

O.R.C. § 2329.66(A)(4)(a) outlines the exemption for household goods, providing

> [e]very person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> * * *
>
> (4)(a) The person's interest, not to exceed five hundred twenty-five dollars in any particular item or ten thousand seven hundred seventy-five dollars in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books animals, crops, musical instruments, firearms, and hunting and fishing equipment that are held primarily for the personal, family, or household use of the person.

These figures are adjusted for inflation. O.R.C. § 2329.66(B). For April 1, 2013 and prior to April 1, 2016, the applicable figures were $575.00 for an individual household item and $12,250.00 for the aggregate value of household items. Debtors are therefore entitled to an exemption of $24,500.00 in the aggregate value of their household goods.

Debtors may apply this exemption against the insurance proceeds that covered exempt property. Dennis v. Smith, 125 Ohio St. 120, 126 (1932) *but see* In re Plant, 503 B.R. 224 (Bankr. D. Mass. 2013). In Dennis, the Smiths owed money to Dennis and he obtained a judgment. Subsequent to the judgment, a fire destroyed insured property owned by Mrs. Smith and the insurance company covered the loss, paying the proceeds to the court. The Supreme Court reviewed two separate issues. First, it determined that the Smiths waiver of their right to claim exemptions was against public policy and therefore invalid, a holding immaterial here. Second, it considered "whether money received from an insurance company in payment of loss of household goods by fire is exempt from execution," answering in the affirmative. Id. at 123-24; 126. In reaching this conclusion, the court referenced the fact that the conversion of property into proceeds was involuntary and the proceeds "stand in place of household goods destroyed by fire" and noted the exemptions benefitted the family unit. Id. at 125. As a result, the exemption can apply to either personal property held by Debtors or the proceeds intended to replace the personal property destroyed in the fire.

Debtors suggest that the full amount of the proceeds are protected because they are entitled to be made whole and replace all the property lost in the fire with the proceeds. Trustee disagrees, asserting Debtors cannot claim an amount in excess of the statute. Trustee distinguishes the cases relied on by Debtors, Williams v. Rutherford (In re Rutherford), 73 B.R. 665 (Bankr. W.D. Mo. 1986); In re Snow, 21 B.R. 598 (Bankr. E.D. Cal. 1982). In Rutherford and Snow, debtors filed bankruptcy petitions and claimed property as exempt, including household furnishings. Postpetition the property was destroyed by fires and insurance policies covered the losses in excess of the amounts claimed as exempt. The chapter 7 trustees asserted rights to the proceeds that exceeded the claimed exemptions. Both courts rejected the trustees'

3

attempts, finding that when the debtors made proper claims of exemption, the property was withdrawn from the bankruptcy estate, leaving the estate with no interest in the property. Consequently, the debtors, not the trustees, were entitled to the proceeds.

The fact that the fire occurred postpetition in Rutherford and Snow is a material distinction. Upon filing, the debtors' personal property became property the estate. When the debtors claimed proper exemptions, the property was removed from the estate, vesting back with the debtors. Whatever happened after the property returned to the debtors' control did not affect the estate, leaving the trustees without a claim to it or the proceeds generated from its destruction. The same is not true in the present case.

In this case, the fire occurred prepetition. At filing, Debtors had a combination of household goods, including items purchased with a portion of the insurance proceeds, and the remainder of the insurance proceeds, and the entirety became property of the estate. 11 U.S.C. § 541(a); In re Rowland, 140 B.R. 206 (Bankr. S.D. Ohio 1992). Debtors have not cited any persuasive case law or authority to support their claim they are entitled to any amount in excess of the statutory amount. Debtors may only remove from the estate an amount determined by the applicable exemption statute. Thus, if the total value of the property and proceeds exceeds the exemptible amount, the excess value remains with the estate. Without diminishing the calamity suffered by Debtors, the court notes that Debtors had control over the timing of their bankruptcy filing and therefore the opportunity to maximize their exemptions.

Moreover, the court is not convinced that Rutherford and Snow are persuasive because of other holdings by courts in this district. For example, the BAP moderated the fact that the loss occurred postpetition when it found the underlying insurance policy was property of the estate. Rossi v. Westenhoefer (In re Rossi), 2012 WL 913732 (B.A.P. 6th Cir. 2012). A sister bankruptcy court decision is consistent but permitted the debtors to maintain their exemptions against the proceeds. In re Taylor, 23 B.R. 539 (Bankr. S.D. Ohio 1982). These decisions demonstrate the frailty of out-and-out reliance on Rutherford and Snow.

While Trustee argues that the estate is entitled to $14,390.00, the court is not convinced this is accurate. Trustee reaches this number by taking the total proceeds ($39,390.20) and subtracting the allowable exemption amounts under O.R.C. §§ 2329.66(a)(3) and (4)(A) ($500.00 and $24,500.00). The problem is not in the math but in the fact that the figures provided by Debtors do not make sense. Prior to filing, Debtors received $37,766.64 from the first insurance disbursement. At filing, they claimed to have $20,500.00 of the proceeds remaining in their bank account, meaning $17,266.64 was spent. On Schedule B, they listed personal property valued at $24,500.00, or $7,233.36 more than the expended proceeds. Even if Debtors used a purchase price value on Schedule B, the court cannot see how they could have more property than the spent proceeds. It therefore appears that review of the figures is warranted.

Debtors also mention that some of the property destroyed belonged to a sister and her two children but they do not present any legal arguments of the import of this fact. There is no

evidence that the sister made any claims on the proceeds. Trustee argues that all of the insurance proceeds are property of the estate, in part because the policy belonged to Debtors and the proceeds were payable to Debtors. 'An insurance policy is generally considered property of the estate[,]' Unsecured Creditors Disbursement Comm. v. Antill Pipeline Constr. Co., 300 F.3d 614, 618 (5th Cir. 2002) (other citation omitted) . . . [and] proceeds of an insurance policy are property of the estate where 'the debtor would have a right to receive and keep those proceeds when the insurer paid on the claim.' Rossi, 2012 WL 913732 at * 7 (citing Edgeworth, 993 F.2d at 55 (other citations omitted); *see also* D. Davis Furniture Co. v. Walker, 64 B.R. 751 (Bankr. S.D. Ohio 1986) (holding creditor whose collateral was destroyed did not have rights to proceeds of policy held by the debtors). As one Kentucky bankruptcy court explained:

> "insurance is a personal contract, and appertains to the person called the 'insured,' not to the thing which is subject to the risk against with he is protected by the contract of insurance." Fogg v. London & Provincial Marine and General Ins. Co., 36 S.W.2d 44, 47 (Ky. 1931). The proceeds from these policies are personal to the debtor. His interest in the proceeds is a separable property interest.
>
> All parties having an interest in the property itself, and this includes the children, had an insurable interest in the property and could have obtained insurance to protect that interest. They did not do so. Therefore, they cannot now assert an interest in the proceeds of policies made payable only to the debtor.

In re Napier, 1991 WL 539038, * 2 (Bankr. E.D. Ky. 1991). Under this reasoning, and without any counter argument from Debtors, the court must agree with Trustee.

The court will **SUSTAIN** Trustee's objection. Debtors may claim an exemption in the statutory amount, not more. To the extent that the total of the proceeds and household goods exceed the value of the exemptions, that amount is property of the estate. The value of any property purchased prepetition may be subject to dispute as it was already used on the date of filing. These issues can be resolved after Debtors have an opportunity to amend their schedules and exemptions. An order will be issued immediately.

### # # #

**Service List:**

Robert H. Cyperski
1201 30th St NW
Ste 102-B
Canton, OH 44709

Brett S Stimer
Tona M Stimer
1780 Midway Street NW
Uniontown, OH 44685

Anne Piero Silagy, Esq
1225 South Main St
Suite 1
North Canton, OH 44720

Bruce R. Schrader, II
Roetzel & Andress
222 S Main Street
Suite 400
Akron, OH 44308